## Case No. 2,535.

### The CAYUGA.

[2 Ben. 125.][1]

District Court, E. D. New York. Jan., 1868.[2]

**DAMAGES IN COLLISION CASES — FERRY-BOAT — DEMURRAGE — SUPERINTENDING REPAIRS.**

1. Where a ferry-boat was injured in a collision, and was withdrawn for repairs, her place being supplied by a boat taken off from another ferry belonging to the libellants, whose place was in its turn supplied by a spare boat, but it was not shown that the injured boat could

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed in Case No. 2,537.]

have been chartered for any sum for the time she was so laid up, but proof was given of the value of her use, based on her receipts while running on the ferry: *Held*, that the use of the ferry-boat was valuable;

[Approved in The Favorita. Case No. 4,694. Cited in the Mary Steele, Case No. 9,226.]

2. The case of Williamson v. Barrett, 13 How. [54 U. S.] 112, holding that the market value of a vessel is the criterion of her value in collision cases, does not apply where it appears that no such thing as a market price exists.

3. There being no market price, a judgment as to her value, given by men having experience upon the ferries, founded upon their knowledge of the business, is the natural way to ascertain the loss.

[Cited in The Transit, Case No. 14,138.]

4. Where the owners of a ferry-boat repaired her themselves, and charged, in addition to the pay of the laborers, an addition of twenty-five cents a day, which was proved to be usually charged for the use of the tools and yard, &c., and also made a charge for the services of two men in superintending the repairs: *Held*, that these items were recoverable as part of the damages.

[Cited in The May Flower, Case No. 9,345; The Alaska, 44 Fed. 500.]

In admiralty. This was a libel for collision filed by the Hoboken Land and Improvement Company, owners of the ferry-boat [James Watt], to recover damages for a collision between her and the Cayuga. The court held the Cayuga in fault. [See Case No. 2,536.] On the reference to ascertain the damages, it appeared that the libellants themselves repaired the boat. Exceptions were taken to the report of the commissioner. The questions raised on the exceptions sufficiently appear in the opinion.

W. J. A. Fuller, for libellants.

C. Van Santvoord, for claimants.

BENEDICT, District Judge. This case comes before me upon exceptions to the commissioner's report of the damages caused by the collision in the pleadings mentioned. The main exception is to the allowance by the commissioner of demurrage at the rate of seventy-five dollars per day for the time the injured vessel was undergoing repairs. This exception is based upon the ground, that there is no evidence that the vessel could have been chartered for that or any sum per day, at the time in question. The evidence showed that the vessel was a ferry-boat, at the time of the injury engaged in making the regular trips of the Hoboken ferry; that she was necessarily withdrawn from the ferry during the repairs, and her place there supplied by another ferry-boat belonging to the same company, which was taken off from the Christopher street ferry for that purpose, the place of the latter being in turn supplied by a spare boat.

For the use of vessels of this class there is no such thing as a market price fixed by various transactions between various persons. Ferry-boats are not general ships, up for charter or hire in open market, and it is impossible to refer to any such market to show the value of the use of such a vessel at the time in question. But it is said that the supreme court, in Williamson v. Barrett, 13 How. [54 U. S.] 112, have laid down the rule that the only criterion by which this value can be ascertained is a market price. I do not so understand the decision of that court. The rule there laid down can only be intended to be applied in cases where there is such a market to refer to, but not in a case where it is made to appear that no such thing as a market price exists. In the absence of a market price to refer to, some other evidence must be allowable in a case like this, for the use of the injured vessel was clearly valuable. She was, when injured, in constant, permanent employment, engaged in making regular but short voyages, transporting almost the same number of passengers each day, all for a fixed price, and all for cash, and her owners had a monopoly of the route. It would seem, then, that the actual value of her use for seventeen days could be ascertained more nearly than that of most other classes of vessels. Two witnesses of large experience upon the ferries were called to prove this value, and they testify to the amount which the commissioner has reported. This it seems to me is one way, and, when the witnesses are in a position to know the actual result of the employment of a ferry-boat for any given period, not an unsatisfactory way to prove the damages arising from the detention of such a vessel.

In the absence of a market price, the judgment of such persons, founded upon knowledge of the business, is the natural way to ascertain the loss occasioned by such an interruption. It was competent to show the inaccuracy of the estimate by proof of the actual receipts and expenses of a ferry-boat upon such a ferry, or by counter estimate. In the absence of any such opposing evidence, the estimate of the witnesses must be deemed an accurate statement of the value of the use of the vessel in question, and as such was properly allowed. Exception is also taken to the item of $43.75, which is an addition of twenty-five cents per day made to the wages actually paid to the laborers engaged in the repairs, for the use of tools, rent of yards, &c. The item I think properly allowed upon the evidence, as forming part of the actual cost of the repairs. As a profit it could not be allowed, but the evidence shows that the use of tools, yard, &c., when furnished, is by usage estimated at that sum, and compensated for in that way. Another item objected to is a charge for the services of two persons who superintended the repairs. These persons performed the service, and I see no reason for refusing a proper compensation for it, notwithstanding the proof that they were in the employ of libellants upon a salary. The libellants, by reason of the collision, lost the use of the services of these two men for the period they were engaged on the repairs, and should be allowed a proper sum to compensate for such loss. No fair objection is raised

upon the evidence to any other items of the report, and it must accordingly be confirmed.

[NOTE. The Hudson River Steamboat Company, claimant, appealed to the circuit court, which affirmed the district court decree (see Case No. 2,537), and the decree of the circuit court was affirmed in The Cayuga v. Hoboken Land & Imp. Co., 14 Wall. (81 U. S.) 270.]